Maclin, special judge, delivered the opinion Of the cburt: The defendants below filed their motion to dismiss this suit because they alleged that the plaintiffs were not residents oí the State of Arkansas, and had failed to file a bond for costs, which motion was overruled by the court, and the defendants saying nothing further, final judgment was rendered for the plaintiffs. To authorize a court to dismiss a suit for want of a bond for costs, two facts should be made to appear: First, That the plaintiffs are not residents; And secondly, That they failed to file a bond for costs as required by law, before the institution of the suit. The first fact was admitted in this case, but the record is silent as to the existence of the other. The bond for costs is no part of the record; Montgomery vs. Carpenter, 5 Ark. R. 264. If no bond for costs was filed before the institution of the suit; that fact should have been made to appear by the bill of exceptions, to authorize this court to reverse the judgment. Upon this point the bill of exceptions is silent, but it shows that the only fact established was, the non-residence of the plaintiffs; The bill of exceptions states that the motion and the facts theréin were submitted to the court, and the plaintiffs insisted that the defendants, after having made themselves parties by prosecuting their writ of error to the supreme court, &c., could not now interpose their motion to dismiss,- and the court, after due consideration, overruled the motion upon the ground that said motion could not be made, &c. The motion was made, the non-residence of the plaintiffs admitted, and upon these facts the motion was submitted to the court. This court cannot inquire whether the reasons which influenced the decision of the court were sufficient to authorize the decision pronounced, but whether the decision itself be correct. In the case of Coolidge vs. Ingle, 13 Mass. R. 50, it was held that “the reasons given for the final opinion of the court is not a part of the record.” Although the bill of exceptions in this case sets forth the reasons given by the circuit court for the decision upon the motion to dismiss, yet those reasons cannot be regarded as part of the record, or be considered by this court. In Pike vs. Lenox, 2 Ark. R. 14, it was held that “the object of a bill of exceptions is twofold: Fii’st,. It is to object to the opinion of the court on some point of law, and refers generally to the competency of witnesses, the admissibility of evidence, or the legal effect of it, or the like; and secondly, It is to reduce to writing and incorporate on the record the substance of the transaction on which the opinion of the court is founded; so that the court above, when called on to revise the decision, may be able to see and correct the errors, if any exist.” And the question thereby presented is whether the facts, which induced it are sufficient to justify it. The only question presented by the record in this case is, whether the facts authorized the decision of the court in overruling the motion. To have authorized the court to dismiss the suit, it should have been satisfied, in addition to the non-residence of the plaintiffs, that they had filed no bond for costs. The affidavit of the defendant, Kelly, did not establish that fact. That being necessary for the introduction of the motion, it being a subject of abatement. The record being silent upon that point, this court, in aid of the judgment of the circuit court, must presume that a bond for costs-was filed before the institution of the'suit. The judgment of the circuit court is affirmed,